S91A1408. BERESH v. MESSMORE.
(411 SE2d 493)

CLARKE, Chief Justice.

In 1988, Jasper Messmore filed a complaint for divorce against Janet Beresh, alleging the existence of a common-law marriage. Beresh filed an answer but did not appear at the hearing on the divorce. The trial court granted a final decree of divorce in 1988. In October 1990, Beresh retained counsel who filed a motion to set aside the judgment. Notice of the hearing on the motion was published, listing Beresh as pro se. Neither Beresh nor her counsel appeared at the hearing on the motion. The motion to set aside was denied. On the day after the hearing Beresh's attorney filed a motion to reschedule the hearing, pointing out that the notice did not list counsel's name. Counsel stated that the hearing date did not come to his attention until after the date had passed. The trial court denied the request to reschedule the hearing. Beresh appeals.

Under the rule of *Brown v. C & S Nat. Bank,* 245 Ga. 515 (265 SE2d 791) (1980), notice of a hearing that does not contain the counsel's name is defective. A judgment or order based on a trial or hearing entered against a party without notice to that party is subject to a motion to set aside. Id.

Messmore argues that Beresh failed to comply with Superior Court Rule 4.6 by notifying the calendar clerk of the change in representation. He argues that Beresh is not entitled to complain of defects in the notice that she or her counsel caused. A similar argument was made in *Brown,* supra at 516, n. 1. In that case, the party initially appeared pro se, but was later represented by an attorney who filed signed pleadings. We held that the attorney was entitled to notice of the trial. Id. Similarly, here, although Beresh appeared pro se in the initial divorce in 1988, she hired an attorney to represent her in the motion to set aside. This attorney filed a signed pleading, which constitutes an entry of appearance under Superior Court Rule 4.2. Be-

cause this attorney was Beresh's first representative, the entry of appearance was sufficient under Superior Court Rule 4.2. No notice of change of representation was required under Superior Court Rule 4.6.

In sum, we conclude that Beresh is entitled to a hearing on her motion to set aside the judgment of divorce. We do not reach any issue relating to the merits of the motion to set aside. Nevertheless, we vacate the judgment below to allow the trial court to consider all of the issues at the hearing on the motion.

*Judgment vacated and remanded. Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED JANUARY 9, 1992.

*Sutherland, Asbill & Brennan, Elizabeth V. Tanis, Laura M. Shamp,* for appellant.
*Clifford H. Hardwick,* for appellee.