S12A1576. SINGH v. HAMMOND.
(740 SE2d 126)

MELTON, Justice.

Sandra M. Singh ("Wife") and Zachary Hammond ("Husband") were divorced in 2005. The parties have two minor children together, and, pursuant to the final divorce decree, the parties were awarded joint legal custody of the children, with Husband being awarded primary physical custody. On December 10, 2009, Wife filed an action seeking child support and a modification of custody. The parties eventually agreed to allow Wife to have primary physical custody of the children, and, on November 2, 2011, the Gwinnett County Superior Court ruled that Wife should be awarded child support. However, as part of its order, the trial court also ruled that, "[a]s long as [Wife] receives child support payments from [Husband], she shall not apply for any financial assistance for the children from the government." The court then formally resolved any outstanding issues in the case relating to parenting time and child custody through a December 8, 2011 Final Partial Consent Order. Wife then filed an application to appeal in this Court, which this Court granted with the following question: Did the trial court err in ruling that as long as Wife receives child support payments from Husband, she shall not apply for any financial assistance for the children from the government? For the reasons that follow, we affirm the trial court's ruling with respect to its calculation of Husband's gross monthly income, but reverse the

trial court's ruling with respect to its calculation of Wife's gross monthly income and its prohibition against Wife's application for financial assistance as long as she received child support.

1. Our analysis of the trial court's prohibition against Wife seeking financial assistance from the government for her children begins with OCGA § 19-6-15. Pursuant to the statute, the proper level of child support is calculated based on the best interests of the children and the parties' present gross incomes at the time that the award is set. See OCGA § 19-6-15 (b), (i), and (k). If there is a substantial change in either party's financial circumstances or the needs of the children at some point in the future, the proper procedure for changing the level of child support under OCGA § 19-6-15 is for one of the parties to formally petition the trial court for an upward or downward modification of the initial child support award. OCGA § 19-6-15 (k).

Here, the trial court's mandate that Wife "shall not apply for any financial assistance for the children from the government . . . [a]s long as [she] receives child support payments from [Husband]" has nothing to do with the present financial circumstances of the parties or the needs of their children. Nor does the provision represent any statutorily authorized basis for a deviation from the presumptive amount of child support. OCGA § 19-6-15 (i). Rather, it reflects the trial court's attempt to make a pre-determined finding about an alleged *future* change in the financial circumstances of the parties that would justify a modification of child support. Such an effort to make a pre-determined finding with respect to a potential future modification is unauthorized under OCGA § 19-6-15, as it sets a precondition on a party's ability to continue to receive an existing child support award and eliminates the statutory requirement that a trial court receive actual evidence of a "substantial change" in either party's financial circumstances before making a modification determination. See OCGA § 19-6-15 (k) (1) and (4) (with respect to modification of child support, trial court makes determination as to substantially changed financial circumstances or needs of the children "[a]fter hearing both parties and the evidence").[1] It also runs contrary to the

---

[1] In this regard, it is worth noting that Wife's mere application for government assistance would not necessarily have anything to do with any alleged "substantial change" in her financial circumstances. For one thing, like any person, Wife could *apply* for government assistance at any time, regardless of what her actual financial circumstances may be. Furthermore, no matter what financial needs Wife may actually have, her application for financial assistance would not guarantee that she would actually *receive* any assistance after applying for it. Moreover, even if Wife received some form of government assistance for her children, this would in no way, by itself, automatically show that her financial circumstances had "substantially changed" such that a modification of child support would be justified.

plain language of OCGA § 19-6-15 requiring that a trial court make sure that any child support "modification[s] and revisions are in the child[ren's] best interest[s]." OCGA § 19-6-15 (k) (4). The trial court's requirement that Wife refrain from applying for any government assistance for her children while she receives child support from Husband therefore cannot stand.[2]

2. Wife argues that the trial court erred in determining that her average gross monthly income was $3,000. We agree.

"In the appellate review of a bench trial, this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses." (Citations and punctuation omitted.) *Frazier v. Frazier*, 280 Ga. 687, 690 (4) (631 SE2d 666) (2006). "The standard by which findings of fact are reviewed is the 'any evidence' rule, under which a finding by the trial court supported by any evidence must be upheld." (Citation omitted.) *Southerland v. Southerland*, 278 Ga. 188 (1) (598 SE2d 442) (2004).

Here, the record reveals that there is no evidence that Wife earned an average monthly income of $3,000. Wife testified that she worked as a contractor, that her income fluctuated over time, and that she never made $3,000 in a month for her work. Husband did not present any independent evidence to show otherwise.[3] All of Wife's bank statements showed that she made less than $3,000 per month,[4] and there was no evidence presented to show that Wife could have been earning more money or that she was deliberately suppressing or hiding any income. Because there is no evidence in the record to support the conclusion that Wife's income could have been at least $3,000 per month, we must reverse the trial court's finding on this issue. See, e.g., *Herrin v. Herrin*, 287 Ga. 427 (696 SE2d 626) (2010).

---

Regardless of this reality, however, based on Wife's mere "appl[ication] for . . . financial assistance from the government," the trial court's order as written would authorize the court to modify the initial child support award.

[2] It can also be said that the trial court's prohibition against Wife seeking government assistance for her children potentially runs afoul of the Child Support Recovery Act, which specifically provides that one of its purposes is "[t]o provide that public assistance to needy children is a supplement to the contribution of the responsible parents." OCGA § 19-11-2 (a) (1). Indeed, rather than prohibiting a parent from seeking government assistance for needy children, the Legislature has recognized that public assistance for needy children merely serves to supplement, rather than replace, a responsible parent's obligation to contribute to the children.

[3] In fact, when asked whether he had "any idea of what [Wife] was earning [per month]," Husband testified, "[n]o, I do not."

[4] The one bank statement relied upon by Husband to show that Wife made deposits totaling $3,155 in one month actually covers payments from *two* different months of Wife's work. This statement therefore does not constitute evidence that Wife was making $3,000 per month.

3. However, evidence does support the trial court's finding that Husband's income was $4,238.64 per month. The parties presented competing evidence with respect to Husband's monthly income, and the trial court was free to accept Husband's testimony and records showing that his income was $4,238.64 per month. Because there was at least some evidence to support the trial court's finding, it must be upheld here. *Frazier*, supra, 280 Ga. at 690 (4).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 18, 2013.

*Celeste F. Brewer*, for appellant.

Zachary Hammond, *pro se*.