### S16A1086. CASE v. THE STATE.
(794 SE2d 93)

MELTON, Justice.

On April 26, 2011, Charles Carlton Case entered a negotiated guilty plea to aggravated assault and simple battery against his niece to resolve an original charge of child molestation. He did not appeal. After being directed to register as a sex offender, on November 6, 2014, aided by new counsel, Case filed a habeas petition alleging that his guilty plea was not knowingly and voluntarily entered and that his plea counsel provided ineffective assistance. On January 12, 2015, the habeas court entered an order scheduling a final hearing, which was set for February 24, 2015. However, after neither Case nor his counsel appeared at the final hearing, the habeas court entered an order on February 27, 2015 dismissing the petition for want of prosecution and, in the alternative, denying the petition on the merits. On March 27, 2015, Case filed a motion to set aside, asserting that his habeas counsel had not received notice of the final habeas hearing and first became aware of the hearing on March 2, 2015, when counsel received the final order denying habeas relief. The habeas court denied the motion to set aside on May 7, 2015, and Case filed an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (8),[1] without filing a notice of appeal. Case did not follow the required procedures for petitioners to appeal adverse "final orders" in habeas cases under OCGA § 9-14-52. See OCGA § 9-14-52 (a) ("Appeals in habeas corpus cases brought under this article shall be governed by Chapter 6 of Title 5 except that as to final orders of the court which are adverse to the petitioner no appeal shall be allowed unless the Supreme Court of this state issues a certificate of probable cause for the appeal") and (b) (requiring the filing within 30 days of both an

---

[1] OCGA § 5-6-35 (a) (8) requires "[a]ppeals from orders under subsection (d) of Code Section 9-11-60 denying a motion to set aside a judgment" to come by application, with a notice of appeal required to be filed "[w]ithin ten days after an order is issued granting the appeal[.]" OCGA § 5-6-35 (g). However, a denial of a motion to correct a clerical error under OCGA § 9-11-60 (g) is subject to a direct appeal. See *Leventhal v. Moseley*, 264 Ga. 891 (453 SE2d 455) (1995) ("[I]nasmuch as 'appeals from orders under OCGA § 9-11-60 (g) are not enumerated in OCGA § 5-6-35 (a), no application for appeal is thereby required under OCGA § 5-6-35 (b)' " (citation omitted)).

application for a certificate of probable cause in this Court and a notice of appeal in the habeas court).

This Court granted Case's application to appeal to resolve the following questions:

> (1) Whether a habeas petitioner is required to follow the procedures of OCGA § 9-14-52 (b) to appeal an order denying a motion to set aside a final order denying habeas relief, or instead must follow the procedures of OCGA § 5-6-35 (a) (8); and
> (2) Whether the habeas court erred in denying Case's motion to set aside the final order denying his habeas petition. See OCGA § 9-11-60; *Beresh v. Messmore*, 261 Ga. 812 (411 SE2d 493) (1992). See also *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980); *Sea Tow/Sea Spill of Savannah v. Phillips*, 247 Ga. App. 613 (545 SE2d 34) (2001).

For the reasons that follow, we conclude that the current appeal is properly before us. A habeas petitioner appealing from an order denying an actual motion to set aside pursuant to OCGA § 9-11-60 (d) may properly appeal by following the application procedures of OCGA § 5-6-35 (a) (8). However, the petitioner's motion below is more properly classified as a motion to set aside to correct a clerical error pursuant to OCGA § 9-11-60 (g), which entitled Case to a direct appeal (see *Leventhal*, supra), rather than a motion to set aside based on a nonamendable defect appearing on the face of the record pursuant to OCGA § 9-11-60 (d) (3), which would have needed to come by application. Additionally, we find that, in this case, the habeas court did not properly consider all of the relevant circumstances in reaching its decision to deny Case's motion to set aside the court's order on his petition for habeas corpus relief. Accordingly, we must vacate the habeas court's decision on Case's motion and remand this case to the habeas court for further proceedings.

1. As mentioned previously, a habeas petitioner must follow the procedures of OCGA § 9-14-52 (b) to appeal from a "final order" in a habeas case. See OCGA § 9-14-52 (a) and (b). The "final order" with respect to Case's habeas petition in this case was entered on February 27, 2015, in which the habeas court dismissed the habeas petition for want of prosecution and, in the alternative, denied it on the merits. If Case had immediately appealed from this final order in an effort to have this Court review it on the merits, he would have had to "file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief." OCGA § 9-14-52 (b).

However, Case did not appeal from the habeas court's final order. Instead, he filed a motion to set aside that order, which he claimed was being made pursuant to OCGA § 9-11-60 (d) (3). As such, when the trial court denied the motion to set aside, the appellate procedures relating to an appeal from an order denying such a motion would apply, rather than the procedures relating to an appeal seeking review of the habeas court's final order "denying [a petitioner habeas] relief" on the merits. OCGA § 9-14-52 (b). The relevant procedures relating to an appeal from an adverse decision with respect to a motion to set aside based on a nonamendable defect are contained in OCGA § 5-6-35 (a) (8) and (b), which provide:

> Appeals from orders under subsection (d) of Code Section 9-11-60 denying a motion to set aside a judgment or under subsection (e) of Code Section 9-11-60 denying relief upon a complaint in equity to set aside a judgment . . . shall be by application in the nature of a petition enumerating the errors to be urged on appeal and stating why the appellate court has jurisdiction. The application shall specify the order or judgment being appealed and, if the order or judgment is interlocutory, the application shall set forth, in addition to the enumeration of errors to be urged, the need for interlocutory appellate review.

"Within ten days after an order is issued granting the appeal, the applicant, to secure a review of the issues, shall file a notice of appeal as provided by law. The procedure thereafter shall be the same as in other appeals." OCGA § 5-6-35 (g).

Thus, if Case's motion was truly a motion to set aside based on a nonamendable defect, his appeal from the denial of that motion would be properly before us because Case followed the procedures of OCGA § 5-6-35 (a) (8) by filing an application to appeal from the habeas court's order denying his motion to set aside, and because this Court granted that application.

However, in reality, Case's motion was not based on a "nonamendable defect" appearing on the face of the record, but an argument that additional evidence would show that his counsel was never given notice of the hearing on Case's habeas petition. This is more akin to a motion to set aside based on a clerical error. See *Spyropoulos v. Linard Estate*, 243 Ga. 518 (255 SE2d 40) (1979);[2] OCGA § 9-11-60 (g).

---

[2] Although the basis for the motion to set aside in *Spyropoulos* is not made clear, we conclude that the motion in that case must have been made based on a clerical error that

See also OCGA § 9-11-40 (b) and (c) (requiring judicial notice to parties of bench trials and placing of actions on the trial calendar); *Beresh*, supra, 261 Ga. at 812 ("A judgment or order based on a trial or hearing entered against a party without notice to that party is subject to a motion to set aside") (citation omitted); *Moore v. Davidson*, 292 Ga. App. 57, 58 (663 SE2d 766) (2008) (same). As such, we will consider the trial court's denial of Case's motion as a denial of a motion to set aside based on a clerical error pursuant to OCGA § 9-11-60 (g) rather than a motion to set aside based on a nonamendable defect pursuant to OCGA § 9-11-60 (d) (3). *Gulledge v. State*, 276 Ga. 740, 741 (583 SE2d 862) (2003) ("[T]here is no magic in nomenclature and . . . substance controls our consideration of pleadings"). Because an order denying such a motion is subject to a direct appeal, Case was not required to follow the procedures of OCGA § 5-6-35 (a) (8) in this case, and his case is still properly before us. OCGA § 5-6-35 (j).

2. With respect to the merits of the habeas court's ruling on Case's motion to set aside, the court acknowledged in its order that the failure to receive notice of a final hearing can result in a judgment being set aside. See *Beresh*, supra. However, the habeas court nevertheless concluded that the order dismissing the habeas petition and denying habeas relief could not be set aside here, because "the notice [of the final hearing] was mailed to the correct address [for Case's attorney]." In reaching this conclusion, the habeas court specifically declined to consider an affidavit presented by Case's habeas counsel "asserting that he did not receive [the notice]," as the habeas court believed that "this additional evidence [could not] constitute grounds for setting the [final habeas] order aside." We find this reasoning to be flawed.

When a party contends that a judgment dismissing a case for want of prosecution must be set aside due to a trial court's clerical error in failing to provide that party with proper notice of the hearing, an affidavit attesting to that lack of notice must be considered in connection with that motion to set aside. See *Spyropoulos*, supra. In *Spyropoulos*, an out-of-state attorney's case was dismissed based on his failure to be present when the matter came to be heard pursuant to a notice of trial that had been published in the Fulton County Daily

---

resulted in the party failing to receive proper notice of a trial. As explained more fully in Division 2, infra, the trial court in *Spyropoulos* was required to consider matters outside the face of the record in order to make a proper decision on the motion to set aside regarding whether notice was actually received. Because motions to set aside under OCGA § 9-11-60 (d) (3) based on nonamendable defects deal only with matters that appear "upon the face of the record," additional matters introduced to the record such as affidavits should not be considered. A motion to correct clerical errors, however, contains no such restriction. See OCGA § 9-11-60 (g).

Report. The out-of-state attorney filed a motion to set aside the judgment, supported by an affidavit stating that he had no personal notice of the trial calendar, but the trial court denied the motion, concluding that it had no authority to set aside the dismissal. The Court of Appeals upheld the trial court's ruling, and this Court reversed and remanded the case back to the trial court for further proceedings. In reaching this decision, we reasoned that, although

> notice of trial by publication of the court calendar in the Fulton County Daily Report is notice pursuant to [OCGA § 9-11-40 (c)] . . . this does not mean that the trial court is without authority to set aside the judgment . . . where the circumstances warrant such relief. It should be remembered that an order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion. 9 Wright & Miller, Federal Practice and Procedure: Civil, p. 203, § 2370; 5 Moore's Federal Practice 1125, para. 41.11[2]. A dismissal with prejudice for failure to prosecute should not be based solely on absence but on *all* the circumstances of the case. See *Link v. Wabash R. Co.*, 370 U. S. 626, 634-635 (1962). The trial court erred in ruling that it had no authority to set aside the dismissal . . . and the case is remanded to the trial court to exercise its discretion in determining whether under all the circumstances of the case the judgment of dismissal with prejudice should be set aside.

(Citations omitted; emphasis in original) Id. at 518-519.

As was the case in *Spyropoulos*, the affidavit submitted by habeas counsel here should have been considered along with all of the circumstances of the case to determine whether the denial of Case's motion to set aside was appropriate. Indeed, the habeas court's order denying the motion to set aside only included a finding that notice of the final hearing was mailed to habeas counsel, but there was no finding as to whether or not habeas counsel actually received the notice, which his affidavit stated did not occur. If, in fact, counsel did not receive the hearing notice that was mailed, this could be a proper basis for the habeas court to decide to set aside the final habeas order dismissing Case's case for want of prosecution. See *Spyropoulos*, supra; *Beresh*, supra, 261 Ga. at 812 ("A judgment or order based on a trial or hearing entered against a party *without notice to that party* is subject to a motion to set aside") (citation omitted; emphasis supplied).

In this regard, the habeas court was incorrect in its conclusion that an affidavit showing a party's lack of notice of the final hearing

"cannot constitute grounds for setting the [final habeas] order aside." To the contrary, such an affidavit, if found to be credible, could establish that a judgment may be set aside based on that party's lack of notice of the very hearing that led to the judgment against them dismissing the case for want of prosecution. See *Spyropoulos*, supra. That is why the affidavit here should have been considered along with all of the circumstances of the case in order for the habeas court to make a proper determination on the motion to set aside. Id.

Because the habeas court did not make a finding as to whether habeas counsel received notice of the final habeas hearing based on a consideration of the affidavit of habeas counsel under all of the circumstances of this case, the habeas court's analysis is incomplete. Therefore, we must vacate the habeas court's decision and remand this case to the habeas court for it to consider the motion to set aside in a manner that takes into account the affidavit of habeas counsel in the context of all the circumstances of the case. See *Spyropoulos*, supra.

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

*Stephen R. Scarborough*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, David K. Getachew-Smith, Sr., Assistant District Attorneys*, for appellee.