301 Ga. 44
FINAL COPY

S17A0970. VOYLES v. VOYLES.

BENHAM, JUSTICE.

Appellant James E. Voyles (Husband) and appellee Tara H. Voyles (Wife) were divorced in February 2015. In the divorce proceeding, the trial court entered a final decree which named Wife as the primary physical custodian of the parties' child and approved and incorporated the terms of the parties' parenting plan. In December 2015, Husband filed a petition in which he sought to hold Wife in contempt of the property distribution provisions of the divorce decree, in contempt of various portions of the parenting plan, and by later amendment sought to be named as the child's primary physical custodian. Wife filed her own petition for modification and contempt, in which, among other things, she sought to modify the parenting plan incorporated into the divorce decree. Husband answered Wife's petition and filed a counterclaim, again requesting in relevant part, a modification of custody to award him full or joint physical custody of the child. Wife moved to dismiss Husband's petition for contempt and his counterclaim to her

petition. Pursuant to a rule nisi, the trial court consolidated the two cases and conducted a joint hearing, at which Husband was not present. The trial court then entered a joint order on August 2, 2016, granting Wife's motion to dismiss Husband's contempt petition (as amended) and his counterclaim to her petition; granting her motion to find Husband in contempt; granting her petition to modify the 2015 divorce decree with respect to various aspects of the parenting plan; and ordering Husband to pay past due unreimbursed health care expenses and attorney fees.

Acting pro se, Husband filed a motion in which he sought to set aside the August 2 joint order and sought a new hearing on the ground that he was unaware of the hearing date because he had not received proper notice of it. After conducting a hearing, the trial court entered an order dated October 14, 2016, denying Husband's motion to set aside and for a new hearing. Husband then filed a notice of appeal directed to the Court of Appeals seeking review of this October 2016 order, and the Court of Appeals transferred the case to this Court. Inasmuch as this appeal seeks review of the denial of what was, in substance, a motion to set aside an order that ruled on petitions for contempt involving, in part, aspects of the divorce decree other

than custody, this Court has subject matter jurisdiction. See *Rogers v. McGahee*, 278 Ga. 287 (1) (602 SE2d 582) (2004).[1]

Nevertheless, an issue remains as to whether Husband followed the proper procedure for seeking appellate review. We conclude he did not, and that the appeal must be dismissed. We dismiss this case by opinion, as opposed to the usual dismissal order, so that we may clarify the law and provide guidance regarding which appellate procedure should be followed in a case like this one where the issue raised on appeal concerns a matter other than custody (here, whether the trial court properly denied Husband's motion to set aside).

Generally, appeals from orders entered in domestic relations cases must be pursued by discretionary application.[2] See OCGA § 5-6-35 (a) (2). A

---

[1] We note that effective January 1, 2017, jurisdiction over matters relating to divorce cases was transferred from the Supreme Court to the Court of Appeals. OCGA § 15-3-3.1 (a) (5). As the notice of appeal in this case was filed prior to that date, however, this Court properly has subject matter jurisdiction.

[2] This case involves the denial of a motion to set aside that, but for the fact that it is a domestic relations case, would be directly appealable because it is based on an alleged lack of notice of a hearing rather than on a non-amendable defect in the record. See *Case v. State*, 300 Ga. 208, 209-210 (1) (794 SE2d 93) (2016) (holding that OCGA § 5-6-35 does not require a discretionary application to appeal from an order denying a motion to set aside to correct clerical error pursuant to OCGA § 9-11-60 (g), even though OCGA § 5-6-35 (a) (8) requires a discretionary application to appeal from orders denying motions to set aside based on non-amendable defects appearing on the face of the record pursuant to OCGA § 9-11-60 (d) (3)). The domestic relations subject matter of the case, however, requires a discretionary application in this context. See *Ferguson v. Composite State Bd. of Med. Examiner*s, 275 Ga. 255, 257 (1) (564 SE2d 715) (2002); *Schmidt v. Schmidt*, 270 Ga. 461 (510 SE2d 810) (1999); *Rebich v. Miles*, 264 Ga. 467,

3

direct appeal is proper under OCGA § 5-6-34 (a) (11) from all judgments or orders "in child custody cases" that award, refuse to change, or modify child custody, or orders that hold or decline to hold persons in contempt of child custody orders. This Court has interpreted OCGA § 5-6-34 (a) (11) as allowing a direct appeal from the types of orders specified in that statute that are entered in "custody cases" but not from orders relating to child custody issues that are entered in "divorce cases." See *Hoover v. Hoover*, 295 Ga. 132, 134 (1) (757 SE2d 838) (2014) (where child custody issues are ancillary to a divorce action, the determination of child custody does not transform the case into a "child custody case"); *Todd v. Todd*, 287 Ga. 250, 251 (1) (703 SE2d 597) (2010) ("[a]ll other issues in a divorce action, including child custody, are merely ancillary to [the] primary issue [of whether the marriage should be dissolved]"). And, even if the appeal arises from the type of order specified in OCGA § 5-6-34 (a) (11) and that order was entered in a "child custody" case, this Court has also looked to the issue raised on appeal in determining whether a party was entitled to a direct appeal. For example, in *Froehlich v. Froehlich*,[3] this Court noted that visitation is treated as an aspect

---

469 (448 SE2d 192) (1994).

[3] 297 Ga. 551 (775 SE2d 534) (2015).

4

of child custody for purposes of appellate procedure and held that therefore a direct appeal was the proper appellate procedure for seeking review of an order finding the father in contempt for willfully violating the visitation provisions of a modified parenting plan where father was challenging that ruling on appeal.  See also *Singh v. Hammond*, 292 Ga. 579 (740 SE2d 126) (2013) (noting the Court granted a discretionary application where the case started as a child custody modification action but child support was the only issue raised on appeal); *Vines v. Vines*, 292 Ga. 550, 551 (1) n.2 (739 SE2d 374) (2013) (noting, in a case involving child custody and visitation rights, that a direct appeal from that portion of the trial court order that related only to a child support ruling had been dismissed for failure to file an application to appeal).

While this Court has generally followed a rule that looks at the issue raised on appeal to determine the proper procedure for seeking appellate review in domestic relations cases, in at least one case, this Court retained a direct appeal from a post-divorce modification action where the only enumerations of error concerned child support, not child custody.  See *Strunk v. Strunk*, 294 Ga. 280 (754 SE2d 1) (2013).  In the *Strunk* case, however, this appellate procedure issue was neither raised nor addressed.  Additionally,

this Court did not appear to follow the "issue-raised-on-appeal" rule in *Edge v. Edge*,[4] when we held that an order granting a motion to set aside a previous order relating, among other things, to child custody and visitation rights was directly appealable under OCGA § 5-6-34 (a) (11), even though the issue raised on appeal was whether the trial court properly granted the motion to set aside. But in *Edge* the Court was considering an earlier version of OCGA § 5-6-34 (a) (11), which provided for a direct appeal from "[a]ll judgments or orders [entered] in child custody cases" generally, and the issue for the Court's decision was whether an appeal from an order entered in a post-divorce proceeding that changed visitation qualified as an order entered in a "child custody case" as defined under *Todd*, supra, 287 Ga. at 251. Thus, the focus in *Edge* was not on whether the issue raised on appeal could alter a party's right to a direct appeal under OCGA § 5-6-34 (a) (11), and to the extent that *Edge* can be read to address that question, it hereby is disapproved.

For the clarity of the bench and bar, we now reiterate that the "issue-raised-on-appeal" rule applies to appeals from orders or judgments in child custody cases. This means that the proper appellate procedure to employ

[4] 290 Ga. 551, 662 (1) (722 SE2d 729) (2012).

depends upon the issue involved in the appeal, even if the order or judgment being challenged on appeal was of the type listed in OCGA § 5-6-34 (a) (11) and was entered in a child custody case.[5]

Turning to this case, Husband has not directly challenged on appeal the court's substantive ruling refusing to change custody. Indeed, he could not do so unless he first succeeded on his motion to set aside. This is an appeal from an order denying a motion to set aside the trial court's order on the ground of inadequate notice of a hearing. As custody is therefore not an issue on appeal in this domestic relations case under OCGA § 5-6-35 (a) (2) and as Husband failed to follow the discretionary application procedures set out in OCGA § 5-6-35, we hereby dismiss his appeal.

<u>Appeal dismissed. All the Justices concur, except Peterson, J., not participating.</u>

Decided April 17, 2017.
Domestic relations. Paulding Superior Court. Before Judge Vinson.
<u>Edwards, McLeod & Money, J. Michael Money</u>, for appellant.
<u>William R. Pike</u>, for appellee.

---

[5] Accordingly, we hereby overrule the Court of Appeals' contrary case law, including Division 1 of *Collins v. Davis*, 318 Ga. App. 265, 266, 269 (1) (733 SE2d 798) (2012).