# Court of Appeals
# of the State of Georgia

ATLANTA,  November 09, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0090.  REBECCA KATE CHAPMAN v. KELLY O'BRIAN CHAPMAN.**
**A18A0091.  REBECCA KATE CHAPMAN v. KELLY O'BRIAN CHAPMAN.**

In 2005, wife Rebecca Kate Chapman and husband Kelly O'Brian Chapman were divorced, and the wife was awarded primary physical custody of the parties' two children and child support.  In 2015, the husband filed a petition for modification of custody and child support.  In March 2016, the trial court issued an order in which it granted the husband primary physical custody of the older child, granted the wife primary physical custody of the younger child, and issued a new child support award to the wife.  The husband filed a motion for reconsideration of that order, challenging the child support award.  In May 2017, the trial court issued an order granting the motion for reconsideration, as well as an amended final order, in which it modified the child support award.  In Case Nos. A18A0090 and A18A0091, the wife has filed direct appeals from these two orders.  In her appellate briefs, she challenges (1) the procedural propriety of granting the motion for reconsideration, and (2) the amended final order's modification of the child support award.

Generally, appeals from orders entered in domestic relations cases must be pursued by discretionary application.  See OCGA § 5-6-35 (a) (2).  However, a direct appeal is proper under OCGA § 5-6-34 (a) (11) from all judgments or orders "in child custody cases" that award, refuse to change, or modify child custody.  Recently, the Georgia Supreme Court reiterated that the "issue-raised-on-appeal" rule applies to appeals from orders or judgments in child custody cases, and therefore the proper appellate procedure to employ depends upon the issue involved in the appeal, even if the order or judgment being challenged on appeal is of the type listed in OCGA § 5-

6-34 (a) (11) and was entered in a child custody case. *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017). Thus, in *Voyles* the Supreme Court held that the husband was required to follow the discretionary application procedures set out in OCGA § 5-6-35 where his appeal was from an order denying his motion to set aside a prior order regarding custody, and he had not directly challenged on appeal the trial court's substantive ruling refusing to change custody. Id.

Here, in her appeals the wife does not challenge the trial court's substantive custody ruling, but merely challenges the procedural propriety of granting the husband's motion for reconsideration and the modification of the child support award. Accordingly, she was required to follow the discretionary application procedures, and her failure to do so deprives us of jurisdiction over these two appeals, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __11/09/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*