# Court of Appeals
# of the State of Georgia

ATLANTA,  March 28, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0369. LONNIE LOVE v. DESIREE HINTON

The father Lonnie Love filed this application for discretionary appeal from the trial court's order that adjudicated mother Desiree Hinton's motion to set aside a consent order governing child custody between the parties.[1]

Pursuant to OCGA § 5-6-34 (a) (11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly appealable. Thus, when the issue on appeal pertains to child custody, the order is directly appealable. See *Voyles v. Voyles*, 301 Ga. 44, 46-47 (799 SE2d 160) (2017). OCGA § 19-9-41 (4) defines a "child custody proceeding" as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue." Because the order in this case modified legal custody over the minor child, the order is directly appealable under OCGA § 5-6-34 (a) (11).

This Court will grant an otherwise timely discretionary application if the lower court's order is directly appealable. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED, and Love shall have ten days from the date of this order to file a notice of appeal with the trial court. If, however, he has already filed a notice of appeal, he need not file a second notice.

---

[1] In its order, the trial court converted the consent order to a temporary order, and transferred the case from Gwinnett County to Fulton County.

The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* __03/28/2018__
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*