# Court of Appeals
# of the State of Georgia

ATLANTA,  April 04, 2019

*The Court of Appeals hereby passes the following order:*

## A18A1929.  GARY v. MORMAN.

James Gary, Jr. filed this pro se direct appeal from a trial court order modifying his and Holly Morman's parenting plan for their minor children and awarding attorney fees to Morman in the amount of $2,600. On appeal, Gary challenges only the award of attorney fees. Morman has moved to dismiss the appeal. Because Gary was required to pursue the appeal by discretionary application, we grant the motion to dismiss.

"Generally, appeals from orders entered in domestic relations cases must be pursued by discretionary application. See OCGA § 5-6-35 (a) (2)." *Voyles v. Voyles,* 301 Ga. 44, 45 (799 SE2d 160) (2017). But OCGA § 5-6-34 (a) (11) permits a direct appeal from all judgments or orders in child custody cases. *Voyles,* supra. Nevertheless, appeals from orders in child custody cases are governed by the issue-raised-on-appeal rule, which "means that the proper appellate procedure to employ depends upon the issue involved in the appeal, even if the order or judgment being challenged on appeal was of the type listed in OCGA § 5-6-34 (a) (11) and was entered in a child custody case." *Voyles,* supra at 47.

Here, the issue raised on appeal is not child custody, but is attorney fees. Because child custody is not an issue in this appeal, Gary was required to pursue the appeal by discretionary application. Id. See also *Davidson v. Callaway,* 274 Ga. 813, 814-815 (in domestic relations cases, an appeal from an award of attorney fees must be brought via the discretionary appeal procedures); *Sprague v. Sprague,* 253 Ga. 485

(321 SE2d 742) (1984) (accord). Since Gary failed to follow the discretionary appeal procedures, the appeal is hereby dismissed.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  04/04/2019
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

         *, Clerk.*