# Court of Appeals
# of the State of Georgia

ATLANTA,  June 28, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0413. JEROME L. CALVERT v. FAITH M. CALVERT.

Jerome L. Calvert and Faith M. Calvert were divorced in 2013 and the final decree of divorce addressed custody and support of their minor child, born in 2008. Sometime after the divorce, the Calverts resumed living together and had two more children, one born in 2014 and another born in 2017. After the couple separated a second time, Jerome filed a complaint for legitimation (of the two younger children), custody, visitation, modification, and child support. Faith then filed a motion for contempt, asserting that Jerome had failed to pay child support since the couple's divorce in December 2013. After a hearing, the trial court entered an order addressing the parties' cross-motions for contempt, and Faith's pending discovery motion, motion for the appointment of a guardian ad litem, and motion for attorney fees. The court's order also included a temporary order modifying custody of the oldest child and addressing child support, visitation, health insurance, and therapy for the two younger children. Following entry of the order, Jerome filed an application for a discretionary appeal, in which he seeks to challenge only that part of the order finding him in contempt for failure to pay child support. We lack jurisdiction.

It is clear from the trial court's order that the case remains pending below, and no final judgment has been entered. Thus, the order that Jerome wishes to appeal is interlocutory in nature. See OCGA § 5-6-34 (a) (1), (b); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991). As a general rule, "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly appealable, including interlocutory custody orders.  See OCGA § 5-6-34 (a) (11); *Lacy v. Lacy*, 320 Ga. App. 739, 742 (3) (740

SE2d 695) (2013). Where as here, however, an order modifying custody also addresses additional issues, we look to the specific issue the party seeks to raise on appeal to determine whether that party is entitled to a direct appeal. See *Voyles v. Voyles*, 301 Ga. 44, 45-47 (799 SE2d 160) (2017). And as noted above, Jerome does not seek to appeal the trial court's custody ruling. Accordingly, he was required to follow the procedures for interlocutory review as set forth in OCGA § 5-6-34 (b) by timely seeking a certificate of immediate review in the superior court and thereafter filing an application for an interlocutory appeal. See *Scruggs*, 261 Ga. at 588-589 (1) (where both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996). Jerome's failure to comply with the interlocutory appeal requirements deprives us of jurisdiction to consider this application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__06/28/2022_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.