# Court of Appeals
# of the State of Georgia

ATLANTA,  March 22, 2023

*The Court of Appeals hereby passes the following order:*

## A23A0565. TERRENCE WRIGHT v. AMBER HILL.

In February 2022, Terrence Wright filed a legitimation petition against Amber Hill, the biological mother of G. W. In addition to an order of legitimation, Wright also sought joint legal custody and primary physical custody of G. W. Hill filed a counterclaim for child support. The court held a final hearing on the matter on July 11, 2022, but neither Wright nor his attorney appeared. After efforts to contact Wright and his lawyer were unsuccessful, the court proceeded with the final hearing in their absence. On July 14, the trial court entered an order granting legitimation, awarding the parties joint legal custody, awarding the mother primary physical custody, granting Wright visitation, and requiring Wright to pay child support.

After the final hearing but before entry of the final order, Wright filed an objection to the entry of any final order, arguing that he had not been properly served with notice of the final hearing in accordance with OCGA § 9-11-5 (b).  The trial court treated this filing as a motion to set aside and/or a motion to vacate the order pursuant to OCGA § 9-11-60 (d) (3), and on July 15, it entered an order denying the motion. Wright then filed this direct appeal from the July 15 order. We, however, lack jurisdiction.

A legitimation action is a domestic relations case and, as a general rule, an appeal in such a case must be initiated by filing an application for a discretionary

review.[1] See OCGA § 5-6-35 (a) (2), (b); *In the Interest of N. C.*, 363 Ga. App. 398, 403 (1) (870 SE2d 569) (2022); *Numanovic v. Jones*, 321 Ga. App. 763, 764 (743 SE2d 450) (2013). Moreover, both Wright's notice of appeal and his brief demonstrate that his appeal seeks to challenge only the trial court's July 15 order denying his motion to vacate or set aside the final order. And where a party in a domestic relations case seeks to "appeal from an order denying a motion to set aside the trial court's order on the ground of inadequate notice of the hearing[,]" that party must file an application for a discretionary appeal. *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017). Wright's failure to comply with the discretionary application procedures set forth in OCGA § 5-6-35 deprives us of jurisdiction over this appeal, which is hereby DISMISSED. *Hair Restoration Specialists v. State of Georgia*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (compliance with the discretionary appeals procedure is jurisdictional, and failure to comply with that procedure requires dismissal of the appeal); see also *Voyles*, 301 Ga. at 47.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,__03/22/2023_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] An exception to this rule exists only where a party seeks to challenge on appeal that portion of the legitimation order addressing child custody. See OCGA § 5-6-34 (a) (11). See also *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) ("[T]he proper appellate procedure to employ depends upon the issue involved in the appeal, even if the order of judgment being challenged on appeal was of the type listed in OCGA § 5-6-34 (a) (11) and was entered in a child custody case.")