# Court of Appeals
# of the State of Georgia

ATLANTA,  July 10, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1171. MONICA SUSANNE MCKEE v. THOMAS ALLEN BAGGETT.

In 2011, Monica Susanne McKee and Thomas Allen Baggett were divorced pursuant to a final judgment and decree of divorce. The divorce decree incorporated a settlement agreement which provided, in relevant part, that McKee would transfer her interest in the parties' marital home to Baggett; that McKee would have "a protected interest in the home in the amount of [a] 50/50 split"; and that "upon the sale or transfer of the home, the protected interest shall be paid." In June 2011, McKee executed a quitclaim deed conveying her interest in the marital residence to Baggett.[1] In 2022, Baggett sold the home, and McKee demanded 50% of the proceeds, claiming that the settlement agreement entitled her to the same. In response, Baggett filed an action for declaratory judgment, seeking a ruling that McKee was not entitled to any of the sale proceeds. The trial court ruled in favor of Baggett and also awarded him attorney fees under OCGA § 9-15-14. McKee then filed this direct appeal. We, however, lack jurisdiction.

Where, as here, the underlying action involves rights and obligations arising out of a divorce decree and does not involve child custody, the case is a domestic relations matter within the meaning of OCGA § 5-6-35 (a) (2).  See *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005).  Appeals in such matters must be initiated by filing an application for discretionary review.  See OCGA § 5-6-35 (a) (2), (b); *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (an appeal

---

[1] The parties disagree as to whether Monica received any funds she was entitled to at the time of the transfer.

in a domestic relations case in which custody is not at issue must be brought by discretionary application). Compliance with the discretionary appeals procedure is jurisdictional. *Hair Restoration Specialists v. State of Georgia*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021). Accordingly, McKee's failure to comply with the discretionary application procedures set forth in OCGA § 5-6-35 deprives us of jurisdiction over this appeal, which is hereby DISMISSED. See *Voyles*, 301 Ga. at 47.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__07/10/2023_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*