# Court of Appeals
# of the State of Georgia

ATLANTA, September 06, 2023

*The Court of Appeals hereby passes the following order:*

## A23A0881. DAWN MCLAIN v. JEREMY ANDERSON.

In this domestic relations case, the trial court entered an order in 2019 on the parties' petitions for modification of custody, visitation, parenting time, and child support, but reserved ruling on the issue of attorney fees. In October 2022, the court entered an order awarding attorney fees, costs, and expenses to Jeremy Anderson. Dawn McLain filed this direct appeal, in which she only challenges the fee award. We, however, lack jurisdiction.

Appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35 (a) (2); accord *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (an appeal in a domestic relations case in which custody is not at issue must be brought by discretionary application). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). While OCGA § 5-6-34 (a) (11) permits a direct appeal from all judgments or orders in "child custody cases" that award, refuse to change, or modify child custody or visitation, or orders that hold or decline to hold persons in contempt of child custody orders, "the 'issue-raised-on-appeal' rule applies to appeals from orders or judgments in child custody cases. This means that the proper appellate procedure to employ depends upon the issue involved in the appeal, even if the order or judgment being challenged on appeal . . . was entered in a child custody case." *Voyles*, 301 Ga. at 47.

Here, McLain does not challenge the trial court's custody ruling. Accordingly, the case is not directly appealable pursuant to OCGA § 5-6-34 (a) (11), and McLain's

failure to follow the discretionary appeal procedure deprives us of jurisdiction over this direct appeal. See *Voyles*, 301 Ga. at 47. For this reason, McLain's direct appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  09/06/2023*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*