# Court of Appeals
# of the State of Georgia

ATLANTA, December 04, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0608. JOSEPH KELLY v. CINDY LITTLETON-HETZER.**
**A25A0623. JOSEPH KELLY v. CINDY LITTLETON-HETZER.**
**A25A0625. JOSEPH KELLY v. CINDY HETZER et al.**
**A25A0626. JOSEPH KELLY v. CINDY LITTLETON-HETZER.**

Proceeding pro se, Joseph Kelly has filed multiple appeals to this Court related to ongoing litigation involving matters of custody, visitation, and alleged family violence. In Case No. A25A0608, Joseph Kelly appeals directly to this Court from the trial court's order dismissing his motion for disclosure of ex parte communications, sanctions, and recusal. In Case Nos. A25A0623, A25A0625, and A25A0626, he appeals from the trial court's orders denying his motions for a change of venue. Appellee Cindy Littleton-Hetzer has moved to dismiss the appeals, arguing that we lack jurisdiction because Kelly failed to follow the interlocutory appeal procedures.[1] For reasons that follow, we grant the appellee's motions and dismiss the appeals.

The underlying cases in these appeals are pending before the trial court, and the trial court's orders do not involve custody or visitation determinations. Thus, the orders are not directly appealable under OCGA § 5-6-34 (a) (11), and Kelly was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) — including obtaining certificates of immediate review from the trial court — to challenge them. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996);

---

[1] In her motions to dismiss, the appellee requests that this Court impose sanctions against Kelly for filing these appeals. These requests are not properly before the Court. See Court of Appeals Rule 41 (b).

*Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); see also *Voyles v. Voyles*, 301 Ga. 44, 45-46 (799 SE2d 160) (2017) (explaining that an appellate court looks to the issue raised on appeal to determine whether a party may bring a direct appeal). Kelly's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over these appeals. See *Bailey*, 266 Ga. at 832-833.

Accordingly, the appellee's motions to dismiss are GRANTED, and these appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__12/04/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*