# Court of Appeals
# of the State of Georgia

ATLANTA,  February 11, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1061. DANNY RAY DUNN v. CARYN ALISSA DUNN.**

Danny Ray Dunn and Caryn Alissa Dunn divorced in 2020. Upon review of the final decree and judgment of divorce, this Court affirmed in part, vacated in part, and remanded the case with direction. *Dunn v. Dunn*, 368 Ga. App. 161 (889 SE2d 352) (2023). In 2024, Danny filed in the trial court a new action for modification of child custody. After Danny failed to respond to Caryn's discovery requests, she filed a motion to compel discovery, which the trial court granted on December 5, 2024. On January 9, 2025, the trial court entered an order finding Danny in contempt based on his failure to comply with the motion to compel, finding that Danny "is intentionally secreting monies awarded to" Caryn in the divorce decree, and ordering Danny incarcerated. Danny has filed a direct appeal from the contempt order. We lack jurisdiction.

As an initial matter, we note that while direct appeals are permitted from "judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders" under OCGA § 5-6-34 (a) (11), the trial court has made no ruling on custody, and Danny has not been held in contempt of a custody order. Danny asserts that he is entitled to a direct appeal under OCGA § 5-6-34 (a) (2), which permits direct appeals from "[a]ll judgments involving . . . contempt cases[.]" But appeals from orders entered in domestic relations cases, including orders holding persons in contempt of alimony judgments or orders, must come by application for discretionary review. See OCGA § 5-6-35 (a) (2). When both OCGA

§ 5-6-34 (a) and OCGA 5-6-35 (a) are involved, an application for appeal is required when "the underlying subject matter" of the appeal is listed in OCGA § 5-6-35 (a), even though the party may be appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a). *Avren v. Garten*, 289 Ga. 186, 192 (7) (710 SE2d 130) (2011); see also *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (explaining that "the proper appellate procedure to employ depends upon the issue involved in the appeal").

Here, to appeal the contempt order entered in this custody modification action, Danny was required to file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2). *Massey v. Massey*, 294 Ga. 163, 164-165 (2) (751 SE2d 330) (2013)(explaining that, although contempt order was "immediately appealable," a discretionary application was required under OCGA § 5-6-35 (a) (2)); *Russo v. Manning*, 252 Ga. 155, 155-156 (312 SE2d 319) (1984) ("A judgment of contempt regarding a domestic relations decree is appealable only by application for discretionary appeal."). See also *Voyles*, 301 Ga. at 47 (dismissing direct appeal filed in action for contempt and modification because party failed to file a discretionary application and custody was not an issue raised on appeal).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Danny's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  02/11/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*