# Court of Appeals
# of the State of Georgia

ATLANTA,  June 26, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1827. KWEKU OMOWALE v. LAVONDI FIFE.

Kweku Omawale and Lavondi Fife were divorced pursuant to a final judgment and decree of divorce entered in July 2016. Pursuant to the divorce decree, the parties were granted joint legal custody of their minor child, Fife was given primary physical custody, and Omowale was granted visitation. In 2020, Omowale filed both a contempt petition against the mother and a petition seeking modification of custody of the minor child. On July 26, 2023, the trial court entered an order denying both of Omowale's motions, increasing the amount of child support Omowale was required to pay, and granting Fife final decision making authority with respect to the child. Shortly before entry of the July 26 order, Omowale filed a motion for default judgment and a motion to dismiss the action.

In the month following entry of the judgment, Omowale filed seven additional motions, including  a motion for reconsideration and a motion seeking to have Fife held in contempt. Omowale also filed a notice of appeal of the July 2023 order, but the court dismissed that appeal in April 2024, after Omowale failed to pay the required costs. Several weeks after the dismissal of his appeal, Omowale filed a motion to set aside "all judgments," including the August 2023 order and the April 2024 order dismissing his appeal. On August 16, 2024, the trial court entered two separate orders in the case. The first of those orders addressed all of Omowale's pending motions. More specifically, that order struck three of those motions as frivolous (including the motion to set aside) and two others as frivolous; denied and/or found Omowale's remaining motions to be moot; and required Omowale to file a separate contempt

action against Fife. The second order awarded Fife $32,000 in attorney fees pursuant to OCGA § 9-15-14. Omowale filed this direct appeal from the August 16 orders. We lack jurisdiction.

Where an order entered in a "divorce, alimony, and other domestic relations case[]" does not constitute a substantive ruling on the issue of child custody, appeals from that order must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). See also *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017); *Evans v. Jackson*, 368 Ga. App. 170, 173 (1) (b) (889 SE2d 343) (2023). Similarly, an appeal from a trial court order awarding attorney fees under OCGA § 9-15-14 also must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10), (b); *Low v. Swift*, 367 Ga. App. 874, 876 (889 SE2d 122) (2023). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (citation and punctuation omitted).

Here, neither of the August 2024 orders amends or otherwise addresses custody of the minor child. And as noted above, the second of those orders awards attorney fees pursuant to OCGA § 9-15-14. Consequently, Omowale's failure to follow the discretionary review procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,___06/26/2025_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.