# Court of Appeals
# of the State of Georgia

ATLANTA, _September 08, 2025_

*The Court of Appeals hereby passes the following order:*

## A26A0190. OMAR SUAREZ v. LAKESHA MARRERO.

Omar Suarez ("Husband") and Lakesha Marrero ("Wife") were divorced pursuant to a final judgment and decree of divorce that addressed custody, visitation, and support for the couple's minor child. Following entry of the judgment, Husband filed this direct appeal, seeking to challenge the amount of child support awarded Wife, as well as certain custody and visitation provisions related to the minor child. We lack jurisdiction.

Appeals from orders in "divorce, alimony, and other domestic relations cases," must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). And such an application is required even where a party seeks to challenge that portion of a divorce decree addressing child custody. See *Voyles v. Voyles*, 301 Ga. 44, 45, 799 S.E.2d 160 (2017) (although OCGA § 5-6-34 (a) (11) allows direct appeals in child custody cases, direct appeals are not permitted "from orders relating to child custody issues that are entered in divorce cases") (citation and punctuation omitted); *Onyemobi v. Onyemobi*, 375 Ga. App. 538, 541 (916 SE2d 738) (2025)("when a trial court issues a child custody determination as part of divorce proceedings, any appeal seeking review of that child custody determination requires that the appellant utilize the discretionary appeal procedures set forth in OCGA § 5-6-35 (a) (2)").

Compliance with the discretionary appeals procedure is jurisdictional. *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021). Consequently, Husband's failure to follow that procedure deprives us of jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  09/08/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*