# Court of Appeals
# of the State of Georgia

ATLANTA, October 23, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1862. FINDLAY CLARKE v. EXCOMORIA CLARKE.

Plaintiff Findlay Clarke and defendant Excomoria Clarke were divorced in 2024. Findlay filed a motion to set aside the final judgment and divorce decree, child support addendum, and permanent parenting plan for the parties' two minor children, which the trial court denied in March 2025. As part of the same order, the trial court granted Excomoria's motion for contempt of the divorce decree and, in so doing, changed the visitation schedule for one of the children. Findlay then filed the instant direct appeal. We lack jurisdiction.

Appeals from orders in "divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). And such an application is required where a party seeks to challenge that portion of a divorce decree holding or declining to hold a person in contempt, see id.; *Russo v. Manning*, 252 Ga. 155, 156 (312 SE2d 319) (1984), or addressing child custody. See *Voyles v. Voyles*, 301 Ga. 44, 45 (799 SE2d 160) (2017) (although OCGA § 5-6-34 (a) (11) allows direct appeals in child custody cases, direct appeals are not permitted "from orders relating to child custody issues that are entered in divorce cases") (citation and punctuation omitted); *Onyemobi v. Onyemobi*, 375 Ga. App. 538, 541 (916 SE2d 738) (2025) ("[W]hen a trial court issues a child custody determination as part of divorce proceedings, any appeal seeking review of that child custody determination requires that the appellant utilize the discretionary appeal procedures set forth in OCGA § 5-6-35 (a) (2)[.]").

Of course, "[c]ompliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Findlay's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/23/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*