# Court of Appeals
# of the State of Georgia

ATLANTA, November 21, 2025

*The Court of Appeals hereby passes the following order:*

## A25A2037. CHAD TURNER v. LARONDA DABNEY.

In this child custody and support modification proceeding, the trial court entered a final order on January 6, 2025, in which, among other things, the court awarded the parties joint legal custody of their minor children and granted petitioner Chad Turner primary physical custody. On January 8, 2025, Turner filed a motion for reconsideration. The trial court denied that motion, although it corrected a scrivener's error concerning parenting time in the January 6 order. On March 26, 2025, Turner filed a notice of appeal. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). While child custody rulings generally are directly appealable under OCGA § 5-6-34(a)(11), a motion for reconsideration does not extend the time to file an appellate challenge to an appealable order, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510–11 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Consequently, the trial court's order denying Turner's motion for reconsideration — in which the court made no new substantive custody rulings — is not appealable, and Turner's March 26 notice of appeal — filed 79 days after the court's January 6 order — is untimely as to that order. See OCGA § 5-6-38(a); *Bell*, 244 Ga. App. at 510–11; *Savage*, 173 Ga. App. at 271.

In his appellate reply brief, Turner contends that his January 8 motion should be construed as a motion for a new trial, which would extend the time to appeal the January 6 order. See OCGA § 5-6-38(a). But even if that is the case, Turner is not entitled to a direct appeal here; because the enumerations of error in his appellate briefs concern only child support issues, and he does not challenge any substantive custody rulings, he was required to initiate his appeal in this domestic relations case by filing an application for discretionary review under OCGA § 5-6-35(a)(2). See *Voyles v. Voyles*, 301 Ga. 44, 46–47 (799 SE2d 160) (2017) (even where an appeal arises from the type of order specified in OCGA § 5-6-34(a)(11) in a child custody case, appellate courts must look to the "issue raised on appeal" to determine what procedure a party must follow to obtain appellate review). Accord *Capehart v. Mitchell*, 358 Ga. App. 86, 88 (2) (851 SE2d 846) (2020) ("[A] judgment or order is not directly appealable under OCGA § 5-6-34(a)(11) unless the case also involves custody as an issue on appeal." (quotation marks omitted)). See also *Voyles*, 301 Ga. at 45–47 (an appeal from the denial of a motion to set aside an order in a child custody proceeding due to inadequate notice of a hearing must be initiated by filing an application for discretionary review under OCGA § 5-6-35(a)(2) where the issue raised on appeal does not directly call into question a custody ruling); *Capehart*, 358 Ga. App. at 87–88 (1) & (2) ( an appeal from an order granting an OCGA § 9-11-60(d) motion to set aside a custody ruling must be initiated by filing an application for interlocutory review where the appellant does not directly challenge a substantive custody ruling on appeal). Consequently, even if Turner's January 8 motion tolled the time for seeking appellate review, his failure to comply with the discretionary review procedure

independently deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   11/21/2025                    *

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*