295 Ga. 132
FINAL COPY

S14F0236.  HOOVER v. HOOVER.

BENHAM, Justice.

This appeal arises out of the divorce action filed by appellant Kathryn Brookfield Hoover (Wife) against Richard Craig Hoover (Husband).  Wife requested a jury trial, and the court bifurcated the proceedings, first hearing the issue of child custody in a bench trial, and reserving issues of equitable division of property, alimony, and child support for a jury trial.  After the bench trial on the child custody issue, the trial court issued a court-ordered parenting plan on June 15, 2012, which granted joint physical and legal custody of the minor children.  An amended parenting plan order was entered on June 26, 2012, and another order titled "2nd Order Amending June 15, 2012 Parenting Plan" was entered January 11, 2013.  Before the jury trial on the remaining issues commenced, the parties executed a settlement agreement resolving the financial issues in the case, and the trial court entered a final judgment and decree of divorce on February 14, 2013. In addition to referencing the settlement agreement, the final judgment referenced the three orders relating to the

parenting plan and stated these orders "are . . . incorporated herein and made a part of this Final Judgment and Decree." Wife filed a motion for new trial of the custody issues on March 14, 2013, within thirty days of the date the final order and decree was entered. The trial court granted Husband's motion to dismiss the motion for new trial, finding that Wife's motion for new trial was untimely since it seeks a new trial on the court-ordered parenting plan that was entered on June 15, 2012, and was thus filed more than thirty days after the "entry of judgment" on the court-ordered parenting plan.

We granted Wife's application for discretionary review of the order dismissing her motion for new trial, noting that the Court was particularly interested in the issue of whether the trial court erred when it dismissed the motion for new trial as untimely because it was filed more than thirty days after the order on child custody, which was the sole issue at trial, even though the motion for new trial was filed less than thirty days after entry of the final judgment in the case. For the reasons set forth below we reverse the trial court's order dismissing the motion for new trial as having been untimely filed.

1. Pursuant to OCGA § 5-5-40 (a), with respect to a case tried without a jury, a motion for new trial must be made within thirty days of the entry of the

2

judgment. Unless otherwise provided by law, the Civil Practice Act applies to actions for divorce, alimony, and custody of minor children. OCGA § 19-5-8. Consequently, the Civil Practice Act's rules regarding judgments apply to this case. Pursuant to OCGA § 9-11-54 (b):

> When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . , and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims . . . .

In this case, neither the original court-ordered parenting plan nor the two subsequent orders amending the plan included an express determination and direction making it a final judgment. That the original parenting plan was not a final judgment is illustrated by the fact that the trial court twice amended it, and then, in the order titled "Final Judgment and Decree," the trial court expressly incorporated each of these orders, copies of which were attached, and made them a part of the final judgment.

Where, as here, child custody issues are ancillary to a divorce action, the

3

determination of child custody does not transform the case into a "child custody case," as that phrase is used in OCGA § 5-6-34 (a) (11), for purposes of determining the appropriate method for appealing a child custody order. See *Todd v. Todd*, 287 Ga. 250, 252 (1) (703 SE2d 597) (2010) ("[E]ven if the only relief sought on appeal pertains to [the] custody decision, the underlying subject matter is still the divorce action and its resulting final decree," so that the appropriate method for appeal is an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2), not direct appeal as authorized by OCGA § 5-6-34 (a) (11)). Likewise, the fact that an order entered in a divorce action makes a determination as to child custody does not, without more, make the order a final judgment for purposes of determining the time in which a motion for new trial must be filed. The determination of child custody in this case became final at the time the final judgment and decree was entered. Wife's motion for new trial, though it obviously referenced the bench trial on the child custody issues, was timely filed within thirty days of the date of the final judgment in the case. Thus, the order dismissing the motion for new trial on the ground that it was filed

untimely is reversed.[1]

2. Having determined that the motion for new trial should not have been dismissed as untimely, we do not reach those enumerations of error that relate to the grounds for that motion. No ruling was made on the merits of the motion for new trial and thus nothing exists for this Court to review with respect to the merits.

Judgment reversed and case remanded. All the Justices concur.

Decided April 22, 2014.

Domestic relations. DeKalb Superior Court. Before Judge Hunter.

Miller & Key, J. Scott Key, for appellant.

Gillian F. O'Nan, Levine, Smith, Snider & Wilson, Olvah O. Smith, for appellee.

---

[1] It is unnecessary for this Court to address Wife's remaining enumeration of error regarding the trial court's dismissal of the motion for new trial.