**THIRD DIVISION
ELLINGTON, P. J.,
BETHEL and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**August 30, 2018**

# In the Court of Appeals of Georgia

A18A1156. FORD v. FORD.

BETHEL, Judge.

Christopher Matthew Ford (father) appeals from the trial court's judgment granting a divorce from Cynthia Avery Ford (mother). On appeal, father challenges a series of orders entered by the trial court granting the parties' divorce and ultimately awarding mother sole custody of the parties' four minor children. Because the father had no right to bring this appeal directly, this Court lacks jurisdiction. This appeal is therefore dismissed, and we do not reach the merits of the father's enumerations of error.

"It is well established that this Court has a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly." *Pathfinder Payment Solutions, Inc. v. Global Payments Direct, Inc.*, 344 Ga.

App. 490, 490 (810 SE2d 653) (2018) (footnote and punctuation omitted). Where the issue is not raised by the parties to the appeal, the Court is empowered to do so on its own motion. *Miller v. State*, 264 Ga. App. 801, 802 (592 SE2d 450) (2003).

As our Supreme Court has recently discussed,

> Generally, appeals from orders entered in domestic relations cases must be pursued by discretionary application. *See* OCGA § 5-6-35 (a) (2). A direct appeal is proper under OCGA § 5-6-34 (a) (11) from all judgments or orders 'in child custody cases' that award, refuse to change, or modify child custody, or orders that hold or decline to hold persons in contempt of child custody orders. [OCGA § 5-6-34 (a) (11) allows] a direct appeal from the types of orders specified in that statute that are entered in 'custody cases' but not from orders relating to child custody issues that are entered in 'divorce cases.' *See Hoover v. Hoover*, 295 Ga. 132, 134 (1) (757 SE2d 838) (2014) (where child custody issues are ancillary to a divorce action, the determination of child custody does not transform the case into a 'child custody case'); *Todd v. Todd*, 287 Ga. 250, 251 (1) (703 SE2d 597) (2010) ('[a]ll other issues in a divorce action, including child custody, are merely ancillary to [the] primary issue [of whether the marriage should be dissolved]').

*Voyles v. Voyles*, 301 Ga. 44, 45-46 (799 SE2d 160) (2017) (footnote omitted).

This case is part of a divorce proceeding between the parties. While the issues raised on appeal touch only on the propriety of the trial court's award of custody to

2

the parties' four minor children to the mother as part of those proceedings, the posture of this case is indistinguishable from that in *Hoover* and *Todd.* In those cases, the Supreme Court determined that even though child custody was at issue on appeal, because that issue was being addressed in a divorce proceeding, the appellant was required to bring the appeal via the discretionary application procedure set forth in OCGA § 5-6-35 (a) (2). *See Todd*, 287 Ga. at 252 ("[E]ven if the only relief sought on appeal pertains to [the] custody decision, the underlying subject matter is still the divorce action and its resulting final decree."); *Hoover*, 295 Ga. at 134 (appropriate method for appeal of child custody provisions of divorce decree is an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2), not direct appeal as authorized by OCGA § 5-6-34 (a) (11)).

As the father did not pursue discretionary review in this case, we lack jurisdiction. His appeal is therefore dismissed.

*Appeal dismissed. Ellington, P. J., and Gobeil, J., concur*.