# Court of Appeals
# of the State of Georgia

ATLANTA,__October 04, 2018____

*The Court of Appeals hereby passes the following order:*

## A19A0326.  LAURA LEE STEEDLEY v. ELMER A. STEEDLEY.

Elmer A. Steedley filed a complaint for divorce against his wife, Laura Lee Steedley, in which he sought immediate custody of the parties' minor child. Thereafter, the trial court entered an "Ex Parte Custody Order/Rule Nisi" granting him immediate temporary custody.  The wife filed this direct appeal from that order.[1]  We, however, lack jurisdiction.

Generally, appeals from orders entered in domestic relations cases must be construed as discretionary.  See OCGA § 5-6-35 (a) (2).  A direct appeal is proper under OCGA § 5-6-34 (a) (11) from all judgments or orders "in child custody cases" that award, refuse to change, or modify child custody, or orders that hold or decline to hold persons in contempt of child custody.  OCGA § 5-6-34 (a) (11) allows a "direct appeal from the types of orders specified in that statute that are entered in 'custody cases' but not from orders relating to child custody issues that are entered in 'divorce cases.'" *Voyles v. Voyles*, 301 Ga. 44, 45-46 (799 SE2d 160) (2017).  See also *Hoover v. Hoover*, 295 Ga. 132, 134 (1) (757 SE2d 838) (2014) (where child custody issues are ancillary to a divorce action, the determination of child custody does not transform the case into a "child custody case"); *Todd v. Todd*, 287 Ga. 250, 251 (1) (703 SE2d 597) (2010) ("[a]ll other issues in a divorce action, including child

---

[1] The wife's initial notice of appeal was filed as an alternative to a mandamus petition and was construed as a notice of appeal by the trial court.  In addition, the initial notice of appeal sought to appeal two orders in two separate proceedings.  This appeal pertains to the request for review of the order in 18CV070.

custody, are merely ancillary to [the] primary issue [of whether the marriage should be dissolved]"); See *Ford v. Ford*, __ Ga. App. __ (Case No. A18A1156, decided August 30, 2018) (reaffirming the holdings of *Hoover* and *Todd)*.

This case is part of a divorce proceeding between the parties and as such it is an order relating to custody in a divorce case requiring an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2) to seek an appeal. "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). The wife's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  10/04/2018

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*