# Court of Appeals
# of the State of Georgia

ATLANTA,  November 29, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1464.  WILLIE R. EDWARDS v. BILLIE EDWARDS.

In this divorce case, the trial court entered a final judgment and decree of divorce in which it awarded primary physical custody of the parties' children to the wife, Billie Edwards.  The husband, Willie R. Edwards, filed a motion for new trial, which the trial court denied.  He then filed this direct appeal.  However, we lack jurisdiction.

Appeals from judgments or orders entered in domestic relations cases, including divorce cases, must be appealed by application for discretionary review.  See OCGA § 5-6-35 (a) (2).  A direct appeal is proper under OCGA § 5-6-34 (a) (11) from all judgments or orders "in child custody cases" that award, refuse to change, or modify child custody, or orders that hold or decline to hold persons in contempt of child custody orders.  However, OCGA § 5-6-34 (a) (11) allows a "direct appeal from the types of orders specified in that statute that are entered in 'custody cases' but not from orders relating to child custody issues that are entered in 'divorce cases.'" *Voyles v. Voyles*, 301 Ga. 44, 45-46 (799 SE2d 160) (2017); see *Hoover v. Hoover*, 295 Ga. 132, 134 (1) (757 SE2d 838) (2014) (holding that when child custody issues are ancillary to a divorce action, the determination of child custody does not transform the case into a "child custody case" for purposes of determining the appropriate method for appeal); *Todd v. Todd*, 287 Ga. 250, 251 (1) (703 SE2d 597) (2010) ("All other issues in a divorce action, including child custody, are merely ancillary to [the] primary issue [of whether the marriage should be dissolved]."); see also *Ford v. Ford*, __ Ga. App. __ (818 SE2d 690) (Case No. A18A1156, decided Aug. 30, 2018) (reaffirming the holdings of *Hoover* and *Todd*).

This case is part of the divorce proceeding between the parties and, therefore, the husband was required to file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). His failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  11/29/2018*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*