# Court of Appeals
# of the State of Georgia

ATLANTA,  July 22, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2059.   TORRENCE STEVEN JACKSON v. VIOLA SHANDTRALA JACKSON.**

In this divorce case, Torrence Steven Jackson filed a direct appeal from the trial court's order dismissing his complaint for divorce.  The trial court found that jurisdiction was proper in Florida, the home state of the parties' minor children.

Generally, appeals from orders entered in domestic relations must be appealed by application for discretionary review. See OCGA § 5-6-35 (a) (2). However, a direct appeal is proper under OCGA § 5-6-34 (a) (11) from all judgments or orders "in child custody cases" that award, refuse to change, or modify child custody or visitation, or orders that hold or decline to hold persons in contempt of child custody orders. But OCGA § 5-6-34 (a) (11) allows a "direct appeal from the types of orders specified in that statute that are entered in 'custody cases' [and] not from orders relating to child custody issues that are entered in 'divorce cases.'" *Voyles v. Voyles*, 301 Ga. 44, 45-46 (799 SE2d 160) (2017); see also *Hoover v. Hoover*, 295 Ga. 132, 134 (1) (757 SE2d 838) (2014) (holding that when child custody issues are ancillary to a divorce action, the determination of child custody does not transform the case into a "child custody case"); *Todd v. Todd*, 287 Ga. 250, 251 (1) (703 SE2d 597) (2010) ("All other issues in a divorce action, including child custody, are merely ancillary to [the] primary issue [of whether the marriage should be dissolved]."); *Ford v. Ford*, 347 Ga. App. 233, 234 (818 SE2d 690) (2018) (dismissing an appeal from a divorce proceeding involving child custody issues because the appellant did not pursue discretionary review).

This case is part of the divorce proceeding between the parties and, as such,

Torrence Jackson was required to file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (2). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). His failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* __07/22/2019__
 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*