# Court of Appeals
# of the State of Georgia

ATLANTA,  October 20, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0230. KEITH LEE STEWART v. BRIDGETTE STEWART.**

Defendant Keith Stewart filed this direct appeal from the trial court's final judgment and decree in this divorce action. Among other rulings in the divorce decree, the trial court awarded the parties joint legal custody of their two minor children and granted Stewart's ex-wife primary physical custody of the children. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (11), direct appeals may be had from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." "Appeals from judgments or orders in divorce, alimony, and other domestic relations cases," however, must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). Thus, direct appeals will not lie from "orders relating to child custody issues that are entered in divorce cases." *Voyles v. Voyles*, 301 Ga. 44, 45 (799 SE2d 160) (2017) (punctuation omitted); accord *Hoover v. Hoover*, 295 Ga. 132, 134 (1) (757 SE2d 838) (2014) ("Where, as here, child custody issues are ancillary to a divorce action, the determination of child custody does not transform the case into a 'child custody case,' as that phrase is used in OCGA § 5-6-34 (a) (11), for purposes of determining the appropriate method for appealing a child custody order.").

"Because this is not a child custody case, but is a divorce case in which child custody is an issue, OCGA § 5-6-35 (a) (2) requires an application for discretionary appeal, and a direct appeal is not authorized by OCGA § 5-6-34 (a) (11)." *Todd v. Todd*, 287 Ga. 250, 252 (1) (703 SE2d 597) (2010); accord *Ford v. Ford*, 347 Ga.

App. 233, 234 (818 SE2d 690) (2018). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Stewart's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Ford*, 347 Ga. App. at 234.

Stewart's motion to stay enforcement of the divorce decree during this appeal is DENIED as MOOT.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,__10/20/2021_____*
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*