# Court of Appeals
# of the State of Georgia

ATLANTA,  April 22, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1242. JONAH ADDIS v. DEAUNA MCQUEEN.

Jonah Addis has filed this direct appeal from the trial court's final judgment and decree granting Deauna McQueen's petition for divorce and awarding McQueen sole legal and physical custody of the parties' minor child. Addis also seeks to appeal a parenting plan entered in conjunction with the divorce decree, as well as an order holding Addis in contempt for failure to comply with prior court orders requiring him to pay temporary child support and certain attorney fees. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (11), direct appeals may be had from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." "Appeals from judgments or orders in divorce, alimony, and other domestic relations cases," however, must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). Thus, direct appeals will not lie from "orders relating to child custody issues that are entered in divorce cases." Voyles v. Voyles, 301 Ga. 44, 45 (799 SE2d 160) (2017) (punctuation omitted); accord Hoover v. Hoover, 295 Ga. 132, 134 (1) (757 SE2d 838) (2014) ("Where, as here, child custody issues are ancillary to a divorce action, the determination of child custody does not transform the case into a 'child custody case,' as that phrase is used in OCGA § 5-6-34 (a) (11), for purposes of determining the appropriate method for appealing a child custody order.").
"Because this is not a child custody case, but is a divorce case in which child custody is an issue, OCGA § 5-6-35 (a) (2) requires an application for discretionary

appeal, and a direct appeal is not authorized by OCGA § 5-6-34 (a) (11)." Todd v. Todd, 287 Ga. 250, 252 (1) (703 SE2d 597) (2010); accord Ford v. Ford, 347 Ga. App. 233, 234 (818 SE2d 690) (2018). See also Booker v. Ga. Dept. of Human Resources, 317 Ga. App. 426, 427 (731 SE2d 110) (2012) (an action in which the "underlying subject matter is a father's obligation to provide child support" is "a domestic relations case subject to review only by application"). "Compliance with the discretionary appeals procedure is jurisdictional." Hair Restoration Specialists v. State of Ga., 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (punctuation omitted). Accordingly, Addis's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See Ford, 347 Ga. App. at 234.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  04/22/2022  *

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*