**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 25, 2024**

# In the Court of Appeals of Georgia

A24A0323. HARTMAN v. DE CARO.

MERCIER, Chief Judge.

While they were in a romantic relationship, John De Caro and Nathan Hartman had two children via a surrogate in 2012. Hartman was named as the sole parent of the children. In 2015, Hartman and De Caro separated and, later that year, Hartman cut off communication between the children and De Caro.

In 2016, De Caro filed a petition to establish custody of the children, but as De Caro had no statutory rights to custody, the trial court denied De Caro's petition.[1] On July 1, 2019, the equitable caregiver statute, codified as OCGA § 19-7-3.1, became effective, and De Caro filed a complaint for equitable caregiver status on the same day.

---

[1] We affirmed the trial court in an unpublished opinion, pursuant to Court of Appeals Rule 36. *De Caro v. Hartman*, A17A0550 (June 5, 2017) (unpublished).

Following a bench trial, the trial court issued a temporary order declaring De Caro as an equitable caregiver for the children and ordering joint legal and physical custody between De Caro and Hartman.[2] Hartman filed this direct appeal, arguing, inter alia, that the trial court erred by finding that De Caro had standing to file an equitable caregiver petition, in its interpretation of the equitable caregiver statute, and by awarding joint custody to De Caro. However, as discussed below, we lack jurisdiction due to Hartman's failure to file an application for discretionary appeal, and accordingly we dismiss the appeal.

Generally, appeals from orders in "domestic relations cases" must be pursued through an application for discretionary appeal. OCGA § 5-6-35 (a) (2). The equitable caregiver statute, OCGA § 19-7-3.1, falls under the "domestic relations" statutory scheme. See OCGA § 19-7-3.1; see also *Teasley v. Clark*, 361 Ga. App. 721, 724 (4) (865 SE2d 556) (2021) (the equitable caregiver statute is a domestic relations statute). Thereby, an appeal of an order in an equitable caregiver matter must be filed through an application for discretionary appeal. However, an appellant may file a direct appeal

---

[2] If a trial court grants a petition for equitable caregiver status, it "may enter an order as appropriate to establish parental rights and responsibilities for such individual, including, but not limited to, custody or visitation." OCGA § 19-7-3.1 (g).

of "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders[.]" OCGA § 5-6-34 (a) (11).

In order to determine whether the matter is entitled to a direct appeal, we look to the issue raised on appeal, even when the order at issue also ruled on child custody issues. *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017). As such, an order in a domestic relations case, which contained a ruling regarding child custody, may not be entitled to file a direct appeal if the issues raised on appeal challenge the domestic relations ruling. See id.

Hartman filed this action as a direct appeal of the trial court's order. In order to determine whether this Court has jurisdiction over the appeal, we look to the issues Hartman raised on appeal. *Voyles*, 301 Ga. at 47. Hartman argues that the trial court erred by determining that De Caro had standing to file an equitable caregiver petition and that the trial court misinterpreted the equitable caregiver statute. While Hartman also argues that the trial court erred by awarding joint custody to De Caro, he states in his appellate reply brief that "[t]he interpretation of OCGA § 19-7-3.1 is the controlling issue affecting the decision in this case."

Further, we look to whether the "child custody issues are ancillary" to the domestic relations action. *Hoover v. Hoover*, 295 Ga. 132, 134 (1) (757 SE2d 838) (2014). If the child custody issues are ancillary to the domestic relations issue, "the determination of child custody does not transform the case into a 'child custody case,' as that phrase is used in OCGA § 5-6-34 (a) (11), for purposes of determining the appropriate method for appealing a child custody order." Id.; see also *Todd v. Todd*, 287 Ga. 250, 251 (1) (703 SE2d 597) (2010). Here, the custody award was ancillary to the granting of De Caro's equitable caregiver determination. Simply put, the trial court only ordered joint custody because it first determined that De Caro's equitable caregiver petition should be granted.

As such, this is not a separate child custody order being appealed. See *Todd*, 287 Ga. at 252 (1). Instead, this is the appeal of an equitable caregiver order, which includes an ancillary child custody determination. See id. ("[E]ven if the only relief sought on appeal pertains to that custody decision, the underlying subject matter is still" the equitable caregiver action.)

Because this is not a child custody case, but is an equitable caregiver case in which child custody is an issue, OCGA § 5-6-35 (a) (2) requires an application for

4

discretionary appeal. See generally *Todd*, 287 Ga. at 252 (1); *Ford v. Ford*, 347 Ga. App. 233 (818 SE2d 690) (2018) (dismissed appeal of divorce order that granted mother sole custody of the children because the custody issues were ancillary to the divorce, and an application for discretionary appeal was required); *Numanovic v. Jones*, 321 Ga. App. 763, 764 (743 SE2d 450) (2013) (dismissed appeal of an order denying a petition for legitimation and an order granting an adoption petition, because the underlying subject matter of the appeal was the petition for legitimation, a domestic relations action, and an application for discretionary appeal was required). Because Hartman failed to file an application for discretionary appeal, we lack jurisdiction and must dismiss this action.

*Appeal dismissed. McFadden, P. J., and Rickman, J., concur*.