# Court of Appeals
# of the State of Georgia

ATLANTA,  August 26, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1261.  SABRINA BELFLOWER v. WILLIAM MOHLER.**

William Mohler filed a petition for visitation as an equitable caregiver of Sabrina Belflower's biological children under OCGA § 19-7-3.1. Following a final hearing, the trial court entered two orders on September 7, 2023. In the first order, the court found that Mohler met the qualifications of an equitable caregiver. In the second order, the court awarded Mohler visitation as an equitable caregiver. Belflower appeals from both orders, and Mohler has filed a motion to dismiss the appeal, arguing that Belflower was required to file an application for discretionary review.

As a general rule, a party is entitled to appeal directly from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody[,]" OCGA § 5-6-34 (a) (11), and "visitation rights are a part of custody." *Vines v. Vines*, 292 Ga. 550, 551 (2) (739 SE2d 374) (2013). However, appeals from orders in "domestic relations cases" must be made via an application for discretionary appeal. OCGA § 5-6-35 (a) (2). Cases under the equitable caregiver statute are domestic relations cases. *Hartman v. De Caro*, 371 Ga. App. 578, 578 (901 SE2d 204) (2024).

"Where both the direct and discretionary appeal statutes are implicated, it is always the underlying subject matter that will control whether the appeal must be brought pursuant to OCGA § 5-6-34 or OCGA § 5-6-35." *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 257 (1) (564 SE2d 715) (2002). When a case concerns both custody and a domestic relations action, this Court must determine whether the "child custody issues are ancillary" to the domestic relations action. See,

e.g., *Hoover v. Hoover*, 295 Ga. 132, 134 (1) (757 SE2d 838) (2014) (explaining that divorce decree's determination of child custody did not transform divorce action into a "child custody case" within the meaning of OCGA § 5-6-34 (a) (11)). This Court looks to the issue raised on appeal in determining whether a direct appeal is permitted. *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017).

As relevant here, Belflower contends that the trial court erred in determining that Mohler had standing as an equitable caregiver because he had failed to prove that (1) he had undertaken a permanent parental role in the lives of the children, and (2) the children would suffer physical harm or long-term emotional harm if he was denied visitation.[1] Her claims track the statutory standards for establishing equitable caregiver status. See OCGA § 19-7-3.1 (d) (1), (5). Thus, the underlying subject matter is whether Mohler qualifies as an equitable caregiver. Although the trial court also issued a separate visitation order, the trial court only ordered visitation after it first determined that Mohler qualified as an equitable caregiver. As such, the visitation award is ancillary to the court's equitable caregiver ruling. See *Hartman*, 371 Ga. App. at 579 (explaining that court's custody award was ancillary to the granting of equitable caregiver petition).

"Because this is not a child custody case, but is an equitable caregiver case in which [visitation] is an issue, OCGA § 5-6-35 (a) (2) requires an application for discretionary appeal." *Hartman*, 371 Ga. App. at 579. As Belflower failed to file an

---

[1] Belflower also argues on appeal that the trial court erred in excluding certain evidence.

application for discretionary review, we hereby GRANT Mohler's motion to dismiss and DISMISS this appeal.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,___08/26/2024_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*