**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 29, 2025**

# In the Court of Appeals of Georgia

A25A0570. ONYEMOBI v. ONYEMOBI

PADGETT, Judge.

Ochiagha Onyemobi (the "Father") sued his wife, Ijeoma Onyinye Onyemobi (the "Mother"), for divorce. Proceeding pro se, Father appeals from an interlocutory temporary order which, among other things, granted Mother custody of the parties' five children. For the reasons that follow, we conclude that Father did not follow the proper procedure for seeking appellate review and the appeal must be dismissed because we lack jurisdiction.

"It is well established that this Court has a solemn duty to inquire into our jurisdiction." *Pathfinder Payment Solutions v. Global Payments Direct*, 344 Ga. App. 490, 490 (810 SE2d 653) (2018) (citation and punctuation omitted). Where the issue

is not raised by the parties to the appeal, the Court is empowered to do so on its own motion. *Miller v. State*, 264 Ga. App. 801, 802 (592 SE2d 450) (2003). We do so here via published decision as opposed to an order dismissing the appeal to assist the bench and bar in clarifying seemingly conflicting opinions as to whether a child custody ruling can be directly appealed under OCGA § 5-6-34 (a) (11) if that custody determination is made as part of a divorce case.

The underlying subject matter in this appeal is a divorce action. Generally, appeals from orders entered in "divorce, alimony, or other domestic relations cases" must be pursued by discretionary application. OCGA § 5-6-35 (a) (2), (b). On the other hand, under OCGA § 5-6-34 (a)(11), "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders" are deemed directly appealable.

As our Supreme Court explained, prior to 2007, there was no right to a direct appeal in child custody cases. *Todd v. Todd*, 287 Ga. 250, 250 (1) (703 SE2d 597) (2010) (citations and punctuation omitted). Pursuant to the former version of OCGA § 5-6-35 that existed prior to 2007, appeals involving "child custody cases" had to be

brought by discretionary application. Id. However, in 2007, the General Assembly amended both OCGA § 5-6-34 and § 5-6-35, "removing all references to child custody cases in § 5-6-35 (a) (2) and enacting subsection (11) in § 5-6-34 (a), to provide that direct appeals may be taken from 'judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody ... orders." Id. The General Assembly further amended OCGA § 5-6-34 (a) (11) in 2013 to make it clear that appeals in child custody cases could only be brought via a direct appeal when the order or judgment awarded, refused to change, or modified child custody or where the order or judgment held or declined to hold persons in contempt of such child custody judgment or order. See *Murphy v. Murphy*, 295 Ga. 376, 376-377 (295 SE2d 376) (2014).

However, because child custody is frequently litigated within the larger framework of a divorce case, some confusion has developed as to whether a child custody order entered in a divorce case is subject to direct appeal under § 5-6-34 (a) (11) or requires a discretionary application under § 5-6-35 (a) (2).[1] Further confusion

---

[1] See *Croft v. Croft*, 298 Ga. App. 303 (680 SE2d 150) (2009) (addressing this issue in the context of a custody action implicating the UCCJEA but not within the context of a divorce case); *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009) (addressing this issue in the context of an emergency custody action unrelated to a

has evolved when the custody determination is made as part of a temporary order and is not part of a final divorce decree.

In *Todd*, our Supreme Court addressed a divorce case which involved child custody determinations. In deciding whether the appellant was required to follow the procedures for discretionary appeal or was entitled to directly appeal the decision, the Supreme Court held,

> In enacting [OCGA § 5-6-34 (a) (11)] and revising OCGA § 5–6–35(a)(2), the General Assembly specifically provided that its amendments shall apply to all child custody proceedings and modifications of child custody filed on or after January 1, 2008. Ga. L. 2007, pp. 554, 569, § 8. A divorce action is not a child custody proceeding, but is a proceeding brought to determine whether a marriage should be dissolved. See OCGA § 19–5–1 et seq. All other issues in a divorce action, including child custody, are merely ancillary to that primary issue. In a somewhat similar context, this Court has held that even though a deprivation proceeding necessitates a determination as to child custody, the

---

divorce action); *Moore v. Moore-McKinney*, 297 Ga. App. 703 (678 SE2d 152) (2009) (addressing this issue in the context of a petition to modify visitation); *Martinez v. Martinez*, 301 Ga. App. 330 (687 SE2d 610) (2009) (addressing this issue in the context of a motion to enforce a settlement agreement in a divorce action which impacted child custody); *Long v. Long*, 303 Ga. App. 215 (692 SE2d 811) (2010) (addressing this issue in the context of a deprivation proceeding). All of these decisions predate the Supreme Court's decision in *Todd*.

> proceeding itself is to determine whether the child is deprived and is not
> an action brought to decide custody matters.

*Todd v. Todd*, 287 Ga. 250, 251 (1) (703 SE2d 597) (2010) (citations and punctuation omitted).

> Both OCGA §§ 5–6–34(a) and 5–6–35(a) are involved when, as here, a trial court issues a judgment listed in the direct appeal statute in a case whose subject matter is covered under the discretionary appeal statute. In resolving similar conflicts, this court has ruled that an application for appeal is required when the underlying subject matter is listed in OCGA § 5–6–35 (a). Therefore, the discretionary application procedure must be followed, even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5–6–34(a).

Id. (citations and punctuation omitted). In cases that followed the decision in *Todd*, the Supreme Court has continued to hold that when a child custody determination is made within the framework of a divorce case, the discretionary appeal process outlined in OCGA § 5-6-35 is applicable.

"Where, as here, child custody issues are ancillary to a divorce action, the determination of child custody does not transform the case into a child custody case, as that phrase is used in OCGA § 5-6-34 (a) (11), for purposes of determining the appropriate method for appealing a child custody order." *Hoover v. Hoover*, 295 Ga.

5

132, 134 (1) (757 SE2d 838) (2014) (citation and punctuation omitted). "This Court has interpreted OCGA § 5-6-34 (a) (11) as allowing a direct appeal from the types of orders specified in that statute that are entered in custody cases but not from orders relating to child custody issues that are entered in divorce cases." *Voyles v. Voyles*, 301 Ga. 44, 45 (799 SE2d 160) (2017) (citations and punctuation omitted).[2]

This Court has followed the decision in *Todd* and held that when a custody determination is made as part of divorce proceedings between the parties, the party seeking to appeal the decision was required to follow the discretionary appeal procedures set forth in OCGA § 5-6-35 (a) (2). *Ford v. Ford*, 347 Ga. App. 233, 234 (818 SE2d 690) (2018). See also *Hayman v. Hayman*, Nos. A24A1277, A25A0633, (4) n.7, 2025 WL 781962 *6 (March 12, 2025).

Therefore, when a trial court issues a child custody determination as part of divorce proceedings, any appeal seeking review of that child custody determination requires that the appellant utilize the discretionary appeal procedures set forth in

---

[2] It should be noted that *Voyles* was not a divorce case but a decision relating to a contempt and modification action in which the appellant sought to set aside a judgment holding him in contempt and dismissing his own contempt and modification actions. *Voyles*, 301 Ga. at 44. However, the Supreme Court made the cited findings within their opinion and also expressly overturned Division 1of our opinion in *Collins v. Davis*, 318 Ga. App. 265 (733 SE2d 798) (2012). Id. at n.5.

OCGA § 5-6-35 (a) (2), regardless of whether the child custody determination is made via final decree or, as here, as part of a temporary order.[3] If the order is not a final judgment, but an interlocutory order, as was the order at issue in this case, the additional requirements set forth in OCGA § 5-6-34 (b) are also applicable.

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Father's failure to follow the mandated procedures in this case[4] deprives us of jurisdiction over this appeal which is dismissed.

*Appeal dismissed. Doyle, P. J., and Markle, J., concur.*

---

[3] We acknowledge the existence of the "issue raised on appeal" rule that was addressed in *Voyles*. However, we interpret that rule to apply to cases other than divorce cases where a child custody determination is made by the lower court.

[4] While the record reflects that the trial court sua sponte considered but did not make a final decision regarding the dismissal of what they construed as an application for discretionary appeal, the trial court explicitly denied Father's petition for certificate of immediate review under OCGA § 5-6-34 (b). With that, Father was barred from seeking appellate review in this Court.