**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

August 15, 2025

# In the Court of Appeals of Georgia

A25A1866. MOSHER v. MOSHER.

BROWN, Chief Judge.

This action, which involves the three minor children of Joshua Mosher (the "father") and Haley Mosher (the "mother"), who were divorced in 2017, arose after the father filed a petition for contempt against the mother in 2023 in Cherokee County. In 2024, the mother filed a separate complaint for modification of parenting time; the Superior Court of Cherokee County consolidated the two actions.

The mother, who lives in Florida with the children, filed a motion to relinquish jurisdiction and transfer the action to Marion County, Florida, pursuant to OCGA § 19-9-67 ("Inconvenient forum"). Following a hearing, and after reviewing the factors set forth in that Code section, the superior court issued an order on October 3, 2024,

relinquishing jurisdiction. In that order, the superior court directed that the case would be stayed for 60 days, "upon [the] condition that a child custody proceeding be promptly commenced by the Respondent/Mother in Marion County, State of Florida." The superior court stated that once the mother filed a notice of the commencement of the Florida action, it would dismiss this case without prejudice.

On November 27, 2024, the mother filed a notice of commencement of the Florida action. On December 30, 2024, proceeding pro se although he was represented by counsel, the father filed a "Response to Notice of Commencement and, in the Alternative, Motion to Set Aside the Order Relinquishing Jurisdiction," in which he requested that the superior court issue a bench warrant to enforce the existing parenting plan. The father also argued that in issuing its October 3, 2024 order, the superior court did not properly consider certain inconvenient forum factors as required by OCGA § 19-9-67.

On February 10, 2025, the superior court dismissed and denied the father's pro se December 30 filing, finding that the pleading was a legal nullity because when the father filed it he was represented by counsel.[1] On March 11, 2025, the father filed a

---

[1] On January 4, 2025, the father's counsel filed a motion to withdraw as counsel, which the superior court granted on February 3, 2025.

notice of appeal, claiming that the superior court erred in both its February 10 and October 3 orders. The mother has filed a motion to dismiss the appeal. For reasons set forth below, we conclude that we lack jurisdiction and grant the mother's motion.

We are mindful that "[a] direct appeal is proper under OCGA § 5-6-34 (a) (11) from all judgments or orders 'in child custody cases' that award, refuse to change, or modify child custody, or orders that hold or decline to hold persons in contempt of child custody orders." (Citation and punctuation omitted.) *Ford v. Ford*, 347 Ga. App. 233, 234 (818 SE2d 690) (2018). But here, the father did not timely appeal the trial court's October 3 order relinquishing jurisdiction. Instead, the father waited 88 days after entry of that order — until December 30 — to file a motion to set aside the order.

The superior court's February 10 order denying and dismissing the father's December 30 pleading as a legal nullity is not a directly appealable order. Contrary to the father's claims, that order did not dismiss his contempt petition — in fact, that order did not mention the father's contempt action at all. Instead, in the February 10 order, the court rejected the father's objections to the mother's commencement of the

Florida action and his motion challenging the October 3 order. Neither of those rulings is directly appealable.

The father's objections to the mother's commencement of the Florida action were filed after the superior court relinquished jurisdiction and the mother had commenced the Florida proceedings. As such, the superior court's denial of the father's objections was not a directly appealable order in a child custody case "awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." See OCGA § 5-6-34 (a) (11). Moreover, to the extent the father's December 30 pleading challenged the superior court's October 3 order, it was not, as designated, a motion to set aside because it did not raise any of the grounds enumerated in OCGA § 9-11-60 (d). See generally *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 589-590 (690 SE2d 397) (2010) (explaining that whether a post-judgment motion is for a new trial or to set aside depends upon whether the issues raised fall under OCGA § 9-11-60 (d), because "substance, rather than nomenclature, governs pleadings") (citations and punctuation omitted). In essence, the father's December 30 motion was a motion for reconsideration which requested that the superior court reconsider its October 3

4

ruling. But a motion for reconsideration does not extend the time for filing an appellate challenge to an appealable order, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

For the above-stated reasons, we lack jurisdiction to consider the merits of the father's appeal. Accordingly, this appeal is dismissed.

*Appeal dismissed. Barnes, P. J., and Watkins, J., concur.*