# Court of Appeals
# of the State of Georgia

ATLANTA, December 03, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1564. NIKHIL PATEL v. LILY LI-YI PATEL.**

Nikhil Patel (the "Father") sued his wife, Lily Li-Yi Patel (the "Mother"), for divorce. As part of the underlying divorce action, the Father filed a motion for an emergency hearing on the issue of temporary custody of their two minor children, L. P. and T. P., primarily to ask the court to order the Mother to return T. P. to Georgia and surrender his passport. After a hearing, the trial court issued a temporary order granting primary physical custody of both children to the Father. The Mother directly appealed, arguing that the trial court abused its discretion in its custody order in various ways. The Father asserts that the appeal should be dismissed for lack of jurisdiction. We agree.

The underlying action in this case is a divorce action, not a child custody action. As we recently held,

> when a trial court issues a child custody determination as part of divorce proceedings, any appeal seeking review of that child custody determination requires that the appellant utilize the discretionary appeal procedures set forth in OCGA § 5-6-35(a)(2), regardless of whether the child custody determination is made via final decree or, as here, as part of a temporary order. If the order is not a final judgment, but an interlocutory order, as was the order at issue in this case, the additional requirements set forth in OCGA § 5-6-34(b) are also applicable.

*Onyemobi v. Onyemobi*, 375 Ga. App. 538, 541 (916 SE2d 738) (2025) (footnote omitted). See also *Ford v. Ford*, 347 Ga. App. 233, 234 (818 SE2d 690) (2018) (looking to the underlying subject matter of the action to determine the appeal process, even if the only issues raised on appeal concern child custody).

Accordingly, we lack jurisdiction in this case, and the appeal is DISMISSED. *Onyemobi*, 375 Ga. App. at 541 ("Compliance with the discretionary appeals procedure is jurisdictional.") (citation and punctuation omitted).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  12/03/2025*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*